UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-62435-BLOOM/Valle

MATRIX ADVERTISING, LLC,

    Plaintiff,

v.

CHARLES A. GILMAN, ESQ. *et al.*,

    Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. Plaintiff originally filed this action on October 23, 2020, in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. ECF No. [1-2]. On November 20, 2020, Plaintiff filed a First Amended Complaint, ECF No. [1-6]. Defendants represent that they were served on November 5, 2020, and they removed this case to federal court on November 30, 2020. *See* ECF No. [1] ("Notice"). According to the Notice, Defendants removed the case pursuant to 28 U.S.C. §§ 1331, 1332, 1338, 1441, and 1446. *Id.* The Court has carefully reviewed the Notice, the underlying First Amended Complaint, the record in this case, the applicable law, and is otherwise fully advised.

Removal is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). To establish original jurisdiction, a lawsuit must demonstrate the existence of either federal question jurisdiction, pursuant to 28 U.S.C. § 1331, or diversity jurisdiction, pursuant to 28 U.S.C. § 1332. Federal question jurisdiction arises "under the Constitution, laws, or treaties of the United States." *Id.*

§ 1331. Diversity jurisdiction, on the other hand, exists where the parties are citizens of different states and the amount in controversy exceeds $75,000.00. *Id.* § 1332(a).

"A removing defendant bears the burden of proving proper federal jurisdiction." *Coffey v. Nationstar Mortg., LLC*, 994 F. Supp. 2d 1281, 1283 (S.D. Fla. 2014). "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010); *see also* 28 U.S.C. § 1332(a). In determining whether subject-matter jurisdiction exists, the Court must focus on the amount in controversy at the time of removal, not at any later point. *Pretka*, 608 F.3d at 751 (citations omitted); *see also Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983) ("Removability should be determined 'according to the plaintiff's pleading at the time of the petition for removal.'") (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)).

Furthermore, "a federal court always has jurisdiction to determine its own jurisdiction." *United States v. Ruiz*, 536 U.S. 622, 628 (2002) (citing *United States v. Mine Workers*, 330 U.S. 258, 291 (1947)). Accordingly, "[t]he district court may remand a case *sua sponte* for lack of subject matter jurisdiction at any time." *Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009) (citing 28 U.S.C. § 1447(c)); *see also Lexington-Fayette Urban Cty. Gov't Civ. Serv. Comm'n v. Overstreet*, 115 F. App'x 813, 816-17 (6th Cir. 2004) ("A federal court may remand a case *sua sponte* where the allegations of the complaint which gave rise to the federal jurisdictional basis are insufficient to confer subject matter jurisdiction on the court." (citation omitted)). As such, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "Any 'doubt about jurisdiction should be resolved in favor of remand

to state court.'" *Family Meat, Inc. v. Scottsdale Ins. Co.*, No. 1:19-cv-20154, 2019 WL 8160417, at *2 (S.D. Fla. May 29, 2019) (quoting *Univ. of S. Ala.*, 168 F.3d at 411).

The Notice in the instant action states that subject-matter jurisdiction exists pursuant to federal question jurisdiction and diversity of citizenship jurisdiction. ECF No. [1]. Upon review, the Court concludes that removal is improper because the First Amended Complaint does not establish that this Court has jurisdiction over this action.

Regarding federal question jurisdiction, Defendants contend that the "gravamen" of Plaintiff's pleading relates to Defendants' use of federal trademark, and that the Lanham Act "supplies the federal question." *Id.* at 3. However, the First Amended Complaint does not assert federal causes of action nor invoke federal statutes, and there is no claim for violation of the Lanham Act. Indeed, Plaintiff's four counts are for "declaratory relief as to cancellation of the contract pursuant to Chapter 86, Florida Statutes" (Count I); intentional misrepresentation (Count II); breach of the implied covenant of good faith and fair dealing (Count III); and breach of contract (Count IV). Further, the Court notes that Defendants' civil cover sheet, ECF No. [1-1], purports to remove the state court action based solely on diversity jurisdiction. Accordingly, Defendants fail to establish that the Court has federal question jurisdiction over this matter.

Regarding diversity of citizenship jurisdiction, the Notice states that the parties are diverse given that Plaintiff's citizenship is Florida and the District of Columbia, and Defendants' citizenship is Maryland. ECF No. [1] at 2-3. It also represents that the amount in controversy exceeds $75,000.00 "from [Plaintiff's] perspective." *Id.* at 2. However, neither the complaint nor the First Amended Complaint allege that the amount in controversy meets or exceeds this threshold. In fact, the state court civil cover sheet, ECF No. [1-3], states that the amount in controversy is between $30,001.00 and $50,000.00 Further, to the extent that the First Amended

Case No. 20-cv-62435-BLOOM/Valle

Complaint pleads an ascertainable amount of damages, it is less than $75,000.00 *See* ECF No. [1-6] at ¶¶ 85-87, 131-33 (alleging a breach of contract for non-payment of October 8, 2020 invoice in the amount of $25,788.20 and for non-payment of November 6, 2020 invoice in the amount of $24,922.63). Accordingly, Defendants' Notice falls short of meeting their burden of establishing the amount in controversy. *See Pretka*, 608 F.3d at 752. The Court therefore concludes that it does not have subject-matter jurisdiction over the instant action. As such, remand is appropriate here. *See Family Meat, Inc.*, 2019 WL 8160417, at *2 (quoting *Univ. of S. Ala.*, 168 F.3d at 411).

Accordingly, it is **ORDERED AND ADJUDGED** that this case is **REMANDED** to the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida. The Clerk of Court is directed to **CLOSE** this case. All pending deadlines are **TERMINATED,** and any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, December 1, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record